Good morning, Donald McPherson, on behalf of the defendant appellant. Your Honor, this is a case of first impression. There's no reported case, no unreported case that I've seen, no Pinkerton instruction that I've ever seen that appears like the one in this case. That Pinkerton instruction resulted in a number of problems for the government. We have instructions inconsistent with the indictment and with the law. We have a result, one of the results, added counts to the indictment, which constitutes constructive amendment of the indictment. We have added counts because under the Pinkerton instructions, you could find, for example, the jury could find the defendant guilty of hostage-taking by being a member of the conspiracy to harbor and vice versa. The facts that gave rise to both conspiracies are essentially the same facts, aren't they? It's a common set of circumstances, two theories applied to those facts. With that, assuming you're correct, that there was confusion in the jury instruction, why wouldn't the nature of the crime here in the evidence, which essentially would have been duplicate of this to each count, why wouldn't that render that harmless? Because, Your Honor, the law still is that we've got a Fifth Amendment right to charges by grand jury indictment. We have to go by the grand jury indictment. If the instructions can lead the jury to conclude guilty on a charge that's not in the indictment, then we have constructive indictment in violation of the famous Supreme Court case of Styrone and so on. If the court is going toward the plain error issue, thinking, well, we've got evidence that applies to both, and therefore we're not really affecting substantial rights, I think we'd go right to the question, well, does it seriously affect fairness, integrity, or the public reputation of judicial proceedings? And this is much like the Pazin case, which I litigated before this Court years ago. He was charged with interfering with an IRS agent. The evidence was such that the jury could conclude in that case that he interfered with the IRS agent or he assaulted the IRS agent. They could conclude either one. However, he was charged with interfering. The instructions were on assault, and this Court held that the government and the Court can't do that. You cannot change horses midstream. You cannot indict someone with one charge and then give the instructions to the jury, which permits the jury to conclude from those instructions something entirely different. And here we have even a more complex situation, I think, than what we had in Pazin and some of the other cases that are referenced, because as I counted, and there's 72 permutations, 72 different possibilities with respect to a single, a single Pinkerton instruction. And how in the world can we know from the jury's verdict which of those 72 they selected? The government says, oh, well, this is the same instruction as this Court's approved in the Ninth Circuit pattern instruction. That's not true at all. In fact, I included that instruction in my appendix to my reply brief. And the big difference, well, there's several big differences. I think presumably, as you look at the Pinkerton instruction approved by this Court, it has blanks for the counts. So presumably, and the government wants to know, well, how do you cure this problem? How should it have been done correctly? I think it's obvious. If you have a Pinkerton instruction, you make clear that that instruction applies to a certain conspiracy and a certain substantive count. And you put those counts in the fill in the blanks. But the main difference is, in the pattern instruction, it says the defendant was a member of the same conspiracy. Well, that's not what was instructed here. He could be a member of any one of the conspiracies. Well, there were essentially two conspiracies charged. And the question, that's why I was asking my question. One was the hostage aspect and the other was harboring the illegal immigrants. It was all the same conduct. It was two theories applied to common conduct. Correct? That's correct. In fact, I think the second conspiracy was alleged. And it's a little confusing because typically you have conspiracy, substantive count, conspiracy, substantive count. We have conspiracy as the sixth count in this case that is with respect to harboring, which is the first count. And that's because of a superseding indictment. But we have, we have, even in that conspiracy count, we have incorporation by reference the overt acts of the other conspiracy. So I do not dispute in the least that the evidence in this case could have supported either one. But that's not the question. This isn't a question. I'm having a little trouble finding out where the indictment has been amended in all of that. The question is whether, as I understand it, whether the jury could have theoretically convicted him of being part of the harboring conspiracy but acquitted him in their own mind of being guilty of the hostage taking. And that because it says it's not the same conspiracy as one of the conspiracies, that somehow they would hang him out to dry for one they had actually acquitted him of. Is that essentially your theory? No, Your Honor. My theory, my first argument on constructive amendment is because of the Pinkerton instruction, the jury could have found defendant guilty of hostage taking by being a member of a conspiracy to harbor. So that's a different kind of conspiracy than the one charge. The conspiracy charge is the harboring has to be a member. We know all the elements of it. It has to be the same conspiracy. It has to be the same conspiracy. And, in fact, there's several elements in Pinkerton that that's why we have so many permutations. There's the membership element. There's the crime has to be committed in furtherance of that conspiracy, not some other conspiracy, by the co-conspirator. And it has to be within the scope and under foreseeability of that particular conspiracy, not some other conspiracy. Now, I think the easiest, although I don't find it easy personally, I think the easiest issue for the court to hang its hat on is the Pinkerton problem. There are additional problems, but they're all related. The conspiracy instructions are with respect to two conspiracies. You have specific conspiracy instructions. One is to harboring. One is to hostage taking. And then you have a general conspiracy instruction. And as I pointed out in a footnote in Appendix A to my reply brief, the problem with that is it reads, you must find that there was a plan to commit at least one of the crimes alleged in the superseding indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit. Well, there's three different crimes in the indictment. There's harboring, hostage taking, but there's also the firearm charge. So from the face of this conspiracy instruction, they could agree that defendant was guilty of conspiring to commit firearm possession, which was not even a charge. The other issues, as I say, are related, and I'd like to reserve some time for rebuttal unless the Court has any other questions at this time. No, I think we're okay. Thank you. Bardorf. Good morning, Your Honors. Good morning. May it please the Court, I'm Tracy Bardorf, Assistant United States Attorney. I represent the appellee in this matter, the United States. First, there was no error in this case. There was no constructive amendment of the indictment. The indictment charged two conspiracies, the conspiracy to take hostages and the conspiracy to harbor illegal aliens. The proof was submitted on two conspiracies, and the jury was charged with two conspiracies. Again, the conspiracy to take hostages and the conspiracy to harbor. I think some of the confusion is coming from the fact that it's confusing the act in furtherance with the object. The jury was explicitly instructed they needed to agree on the object of the conspiracy, and it needed to conform with the conspiracy instructions that were given to the jury. In this case, I believe it was instructions one and three explicitly instructed the jury they needed to find the object of the conspiracy. And their options were in instruction number one, they could find that the object was hostage-taking, and in instruction number three, they could find that the object was harboring. So they could not find under either of those instructions that there was a conspiracy to possess a firearm. Number five gave the unanimity instruction, but to the object from which they had the choices. Again, those were set forth in instructions number one and three. The Pinkerton instruction is a separate instruction that goes to the substantive conduct crimes, the third possibility of finding liability. The first way to find liability was direct conduct. The second was aiding and abetting, and the third was through the Pinkerton liability. Putting aside for a moment whether the jury found that the defendant had actually affirmatively committed the substantive acts, because if that's the case, then, of course, there could have been no error regardless of the Pinkerton charge because the defendant would have substantively committed the harboring or the hostage-taking. The same holds for the aiding and abetting. If the jury found aiding and abetting, excuse me, aiding and abetting theory of liability, then the Pinkerton charge doesn't even come into issue. So the only question is whether the Pinkerton charge is somehow infirm. As counsel has pointed out, that was modeled on the pattern Ninth Circuit instruction, and it is substantially similar to the instruction that was approved by this Court in Alvarez-Valenzuela. Kennedy. That's why we're here, whether it's substantially similar. Okay. One of the same is not the same. Right. Well, I think hopefully it won't be tedious, but perhaps we can walk through instruction number 9, which is the same as 10, except it applies to harboring in 9 and hostage-taking in 10. If we can walk through them, I'll explain how we have read these instructions. First, a co-conspirator committed the crime as alleged in count 1. Count 1 is the harboring charge. So we can substitute harboring for count 1. Second, the person was a member of any one of the conspiracies charged in 4 or 6. The person has to refer to a co-conspirator in 1. The Pinkerton charges in this case, they act as a funnel. They don't provide 72 choices. What they provide is a choice in 1, and then your result in 1 becomes the antecedent in 2 or the referent in 2. So in other words, a co-conspirator, the jury would have to determine who this co-conspirator is that committed the substantive offense of harboring. Then a co-conspirator is the person referred to when you get down to the second step. So the person, which is the person in 1 who committed harboring, was a member of one of the any one of the conspiracies in 4 and 6. Again, those two conspiracies are conspiracy to harbor, conspiracy to take hostages. In this case, because the jury found that the defendant was guilty of being a member of conspiracy to harbor and a conspiracy to take hostages. I'm sorry. So the person was a member of one of the conspiracies. Third, the person committed the crime of harboring illegal aliens in furtherance of these conspiracies. This is where the act in furtherance is being confused with the object. The substantive conduct in furtherance of the conspiracy does not create yet a new conspiracy. The conspiracy consists of the agreement, the parties who agree, and the object of the conspiracy. And there's any number of things they could have done in furtherance of the conspiracy. What becomes confusing in this case is that the objects and the act in furtherance are the same thing. In this case, perhaps, just hypothetically speaking, imagine had there been a theft also in furtherance of the conspiracy. Then this might have read the person committed the crime of theft in furtherance of the conspiracy, and then we would be seeking liability on a substantive charge of theft. Fourth, the defendant was a member of each one of these conspiracies. The same conspiracies. I'm sorry. I'm sorry. The defendant was a member of at least one of the same conspiracies at the time of the offensing count one was committed. The reference of this is the conspiracies that were determined in the third question, the conspiracies of which the harborer was a member. So let's say they found that he was a member of the harboring conspiracy, okay, just to walk through it once. When we get to the fourth section, we know the defendant was a member of the same conspiracy because the defendant was found guilty on the two conspiracy charges. So the jury must have found he was a member of both of those conspiracies. The same holds true if you went through this matrix and you found that the harboring was done in furtherance of the hostage-taking conspiracy, which is permissible under this indictment. It doesn't create a new indictment or, excuse me, a new charge, a new conspiracy. It creates a new act in furtherance of that conspiracy charge. And we know, again, assuming that in this question third, the crime of harboring was in furtherance of the hostage-taking conspiracy, we come down to the fourth. The defendant was a member of at least one of the same conspiracies, i.e., the same conspiracy that was furthered by the harboring in question three. And again, we know that the defendant was a member of the hostage-taking conspiracy because he was found guilty of the conspiracy charge of hostage-taking. And then the fifth, we have to find that the substantive offense fell within the agreement and was reasonably foreseeable. And again, we can assume the jury followed all the way down and found that this was in furtherance. So again, the issue is that the act in furtherance, adding a new act in furtherance or describing the substantive conduct, which, as Your Honor pointed out, is the same substantive conduct underlying all of the offenses, was in furtherance of one or more of the conspiracies, does not create additional conspiracies. Adding additional objects would have created new conspiracies. And I'm sure the jury just really got this elaborate analysis down pat. Well, I'm not so sure it's so elaborate. It's just that there's so many charges, and I'm trying to walk through it painstakingly because the brief suggests that there's an the realm of possibilities keeps reopening. But in reality, the realm of choices keeps narrowing. As we get results on each one of these questions, it continues to funnel down. And again, just to go back to the specific jury instruction issue, there was a unanimity instruction in chart or, excuse me, jury instruction number 5. And there is no case law that requires that the jury have a unanimity instruction on the act in furtherance. It's a unanimity instruction that requires that the jury determine the members, the agreement, and the object of the conspiracy. So everything that required unanimity was instructed for unanimity, and the jury, we can assume, followed its instruction and was unanimous on those issues. I have no further questions. I've either made it clearer or worse for you. I think we understand the analysis. Thank you. Okay. Thank you. Before I come back to Pinkerton, on the conspiracy instructions themselves, the government's right as far as she read. That is, she read from the conspiracy instruction as to harboring, the conspiracy instruction as to hostage-taking. She didn't read from what I'll read from, which is instruction number 11, RER 17. And that was the general conspiracy construction, or instruction, and it said that you could find. Just a moment. I just lost it here. Excuse me, I have it. What I read from previously from my footnote, you must find that there was a plan to commit at least one of the crimes alleged in the superseding indictment. As an object of the conspiracy, with all of you agreeing as to the particular crime which the conspirators agreed to commit. It says one of the crimes alleged in the superseding indictment. There's more than hostage-taking and harboring alleged in the indictment. There's firearm possession. So under this instruction. What instruction are you referring to? I'm referring to instruction number 10. Yes, okay. The third paragraph for conspiracy to have existed. You said 11 and I was looking. I'm sorry. That was my problem. I was looking at the wrong one. Number 10, third paragraph. I couldn't find it in 11. All right. So what's wrong with counsel's analysis? Okay, we got the point of reference to the firearms. Now what's wrong with her analysis? Well, her analysis is we've got a conspiracy instruction on harboring and it's okay. And I agree that one's okay. We've got a conspiracy instruction on hostage-taking. I agree that one's okay. But then we have an ambiguity in the case because then we tell the jury the general conspiracy instruction. And it says you must find there was a plan to commit at least one of the crimes alleged in the superseded indictment. Under this instruction, the jury could have found, and we're not permitted to speculate or hypothecate, but they could have found that the crime was firearms possession by an alien. If they, because they could have, we don't have to show that they did. Because they could have found, then we have a problem. Well, it's through the substantive charges which the Pinkerton instructions relate. That's count one, harboring, and count five, hostage-taking. You're assuming that the jury, to your premise, as I understand, made the finding of Gill on those two substantive charges based on the Pinkerton's theory rather than aiding and abetting a direct perpetrator. No. But I think that's just a rhetorical comment by me. Okay. But now the specific Pinkerton instructions which are at issue, even though instruction 10 may talk about one of the object, there's two Pinkerton instructions, the second element, limited to the conspiracies charged in counts four and six. Four and six, of course, are harboring and hostage-taking. Right. So the jury, I'm not sure how closely I read instruction 10 and the Pinkerton instructions, but I think if they were relying on Pinkerton for the theory of liability, they probably would have looked closely at these two Pinkerton instructions, which did limit the objective offenses to those charged in counts four and six, which were the objects of the conspiracies. Your Honor, the courts time and again say this Court is not free to hypothesize, it's not free to speculate. We have to take these instructions at face value and then ask the question, was it possible for the jury to do such and such? And I think the government assumes too much. In her analysis and research. Well, why don't you walk through it? Why don't you answer the question? You're dodging the question, I think, with respect, because the Pinkerton instruction says that as they go through the steps, directs them to focus on how to commit the crime as alleged in count one. That's a specific reference. A person is a member of any one of the conspiracies charged in counts four and six of the superseding indictment. So presumably the jury followed that. And I don't think any, if we're speculating to read it that way, I don't quite understand why one's speculating. I thought it was Judge Timlin's question. The firearm possession is not alleged in counts four and six. Okay. Let me try to clarify. We have the Pinkerton instructions, and they apply to the substantive counts. They cause problems with respect to the substantive counts. What I just addressed a few moments ago was a problem caused with respect to the conspiracy counts, not the substantive counts. That firearm charge that's in there presents a problem in instruction number 10 for the conspiracy counts, not for the substantive counts. The problem caused for the substantive counts is caused by the Pinkerton instruction. And I was just about to say that the government assumes too much. They assume that the jury first found the defendant guilty of both conspiracies. And after they found him guilty of both conspiracies, they went to the con – then they picked up the Pinkerton instruction and read it. And now, knowing that they found him guilty, everything is in place in the Pinkerton instruction. We can't speculate on that. Maybe they – maybe they looked at the substantive counts first. Therefore, they went to the Pinkerton instruction first to find if he's guilty of a substantive count. Well, let's look at that. First, the co-conspirator – and I'll look at the one on hostage-taking. First, the co-conspirator committed the crime as alleged in count five. That would be hostage-taking. This is instruction number 12. Second, the co – the person – I agree, that's the co-conspirator – was a member of any one of the conspiracies charged in counts four and six of the superseding indictment. Well, any one, they could find that the co-conspirator was a member not of the hostage-taking conspiracy, but of the harboring conspiracy under the literal reading of this instruction. Likewise, we go to number three, the person committed the crime of hostage-taking in furtherance of any of these conspiracies. Well, we don't know which one, and it has to be – we know the law is it has to be in furtherance of hostage-taking. But they don't have to find that it's in furtherance of hostage-taking. Under the face – we have to look at the instructions on their face and then think what could they have done. And if it's possible for them to do something that's illegal, that is, it doesn't follow the law as to the required elements of the crime, then we must reverse. Fourth, the defendant was a member of at least one of the same conspiracies. Well, but we don't know which one, because there's two of them. So you could have – and there's – as I said, there's 72 permutations. I'm not going to belabor the Court with other examples. But the simple example I came up with was the defendant could be guilty of hostage-taking by being a member of the conspiracy through Harbor and vice versa. And I think the government makes it too simple. They're saying, oh, well, we know what they must have done. It was all funneled down because they first found them guilty of both conspiracies. And after they did that, they proceeded to go to the Pinkerton instruction. And now that they knew which conspiracy had been found guilty of, we know how to fill in the blanks. And that is overly simplistic. We can't – well, worse than that, we can't speculate that way. All right. Thank you. Thank you, Your Honor. Counsel, thank you for the argument. We appreciate it. I'm not sure there's 72, but it's an interesting case with permutations.
judges: Beezer, Fisher, Timlin